# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MATTHEW DILLEY

  Petitioner,

V.



GOERGE STEVENSON - L.C.C.F. Warden, and

STATE OF New Mexico - Attorney General

  Respondents

## PETITIONER'S FIRST NOTICE OF FILING

Comes Now, Matthew Dilley, through Pro-se, and Provides notice to the Court and Respondents, That the attached Petition for Writ of Habeas Corpus, and attachments are filed in Support of this Petition.

1. Petitioner's Petition for Writ of Habeas Corpus.

2. Attachment #1 - Findings and Order Declining to conduct an Evidentiary Hearing and Denying Amended Petition for Writ of Habeas Corpus.

3. Attachment #2 - Supreme Court order - October 27, 2021 - Petition of Certiorari Timely filed.

4. Attachment #3 - Supreme Court order - January 11, 2022 - Petition of Certiorari Denied.

5. Attachment #4 - Supreme Court order - February 22, 2022 - Motion for Reconsideration is Denied.

6. Attachment #5 - Procedural order on Petition for Writ of Habeas Corpus, 6-1-22, Petition Denied.

7. Attachment #6 - Supreme Court order - September 23, 2022 - Petition for Certiorari is denied.

8. Filing Fee of $5.00 inclosed.

Respectfully Submitted

Matthew Dilley
(Petitioner)

AO 241
(Rev. 06/13)

Page 1

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: OF NEW MEXICO | |
|---|---|---|
| Name (under which you were convicted): MATTHEW DILLEY | | Docket or Case No.: |
| Place of Confinement: LEA COUNTY CORRECTION FACILITY | Prisoner No.: 70023 | |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| MATTHEW DILLEY v. GOERGE STEVENSON L.C.C.F - WARDEN | | |
| The Attorney General of the State of: NEW MEXICO | | |

**PETITION**

1.　(a) Name and location of court that entered the judgment of conviction you are challenging:

Twelfth Judicial District Court of New Mexico County of Lincoln. P.O. Box 725 Carrizozo New Mexico 88301

(b) Criminal docket or case number (if you know): D-1226-CR-2008-00104

2.　(a) Date of the judgment of conviction (if you know): 4-10-2009

(b) Date of sentencing: 4-10-2009

3.　Length of sentence: 90 Years

4.　In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.　Identify all crimes of which you were convicted and sentenced in this case: 11 Counts - Criminal Sexual Penetration 2nd degree (child 13 to 16), NMSA 1978 § 30-09-11 (D)(1). a 2nd degree felony. 2-11-08 to 3-17-08 11 Counts of Incest, NMSA 1978 § 30-10-03, a 3rd degree felony. 2-11-08 to 3-17-08

6.　(a) What was your plea? (Check one)

　　☐ (1)　Not guilty　　☑ (3)　Nolo contendere (no contest)

　　☐ (2)　Guilty　　☐ (4)　Insanity plea

AO 241
(Rev. 06/13)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *No Contest to all 22 Counts by agreement to a 20 year Caps plus probation*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Twelfth Judicial District Court of New Mexico

(2) Docket or case number (if you know): D-1226-CR-2008-00104

(3) Date of filing (if you know): 9-12-2018

(4) Nature of the proceeding: Petition For Writ of Habeas Corpus

(5) Grounds raised: (First Petition) - Ground (1) - Illegal sentence-

violates principles of Double Jeopardy.

Ground (2) - Ineffective Assistance of Counsel -

Renders Petitioner's Plea Unknowingly and Involuntarily

Entered Into.

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Petition For Writ of Habeas Corpus was Denied

(8) Date of result (if you know): 9-9-2021

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Twelfth Judicial District Court of New Mexico

(2) Docket or case number (if you know): D-1226-CR-2008-00104

(3) Date of filing (if you know): 4-29-2022

(4) Nature of the proceeding: Petition For Writ of Habeas Corpus

(5) Grounds raised: (Second Petition)-Ground (1)-Violation of Due Process, Created an Illegal sentence when the court failed to abide by the Plea agreement and failed to allow Petitioner to withdraw his Plea.  Ground(2)-Ineffective Assistance of Counsel, where Counsel failed to investigated Mitagating medical factors, file motions, and object to sentencing. failure to file Direct appeal, after the court imposed an illegal sentence.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Petition For Writ of Habeas Corpus was Summarily Dissmissed

(8) Date of result (if you know): 

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: 

(2) Docket or case number (if you know): 

(3) Date of filing (if you know): 

(4) Nature of the proceeding: 

(5) Grounds raised:

AO 241
(Rev. 06/13)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes    ☐ No    *New Mexico Supreme Court*

(2) Second petition:  ☐ Yes    ☐ No    *New Mexico Supreme Court*

(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *(First Petition) - Illegal sentence - Violates principles of Double Jeopardy - Multiple Carbon Copy Counts.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *The No Contest Plea was not supported by a Sufficient factual basis to Support more than one Charge. No bill of Particular was given. The Judgment and Sentence, as imposed, is an illegal sentence. Petitioner's conviction of eleven Counts of Criminal Sexual Penetration in the Second degree and eleven Counts of Incest Violates the principles of Double Jeopardy, and Multiple Carbon Copy Counts.*

(b) If you did not exhaust your state remedies on Ground One, explain why: *Ground was exhusted in First Petition for Writ of Certiorari to the New Mexico Supreme Court - Petition denied on 1-11-2022*

AO 241
(Rev. 06/13)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Trial Attorney had refused to file a Direct Appeal.

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Yes

Type of motion or petition: Petition For Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Twelfth Judicial District Court of New Mexico - County of Lincoln - P.O. Box 725, Carrizozo, NM 88301

Docket or case number (if you know): D-1226-CR-2008-00104

Date of the court's decision: 9-9-2021

Result (attach a copy of the court's opinion or order, if available): Petition For Writ of Habeas Corpus was denied. A copy of Courts order is attached.

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: Yes

Name and location of the court where the appeal was filed: New Mexico Supreme Court P.O. Box 848 Santa Fe, New Mexico 87504-0848

Docket or case number (if you know): S-1-SC-39054

Date of the court's decision: 1-11-2022

Result (attach a copy of the court's opinion or order, if available): Petition For Writ of Certiorari was denied. A copy of Courts order is attached.

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241
(Rev. 06/13)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

_____

_____

_____

**GROUND TWO:**    Petitioner was Denied his Sixth Amendment Rights to effective assistance of Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel failed to investigate and pursue potentially meritorious pre-trial motions, Bill of Particulars, Trial Counsel's ineffective representation renders Petitioner's No contest Plea unknowingly and involuntarily entered into. Trial Counsel refused to file a Direct Appeal after illegal sentence was imposed.

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why:    Ground was exhusted in the New Mexico Supreme Court, on 1-11-2022

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did **not** raise this issue in your direct appeal, explain why:    Trial Attorney refused to file a Direct Appeal.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:    Yes

Type of motion or petition:    Petition For Writ of Habeas Corpus.

Name and location of the court where the motion or petition was filed:    Twelfth Judicial District Court of New Mexico - County of Lincoln, P.O. Box 725 Carrizozo, New Mexico 88301

Docket or case number (if you know):    D-1226-CR-2008-00104

Date of the court's decision:    9-9-2021

AO 241
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available): Petition For Writ of Habeas Corpus was denied. A copy of Court order is attached.

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: New Mexico Supreme Court P.O. Box 848 Santa Fe, New Mexico 87504-0848

Docket or case number (if you know): S-1-SC-39054

Date of the court's decision: 1-11-2022

Result (attach a copy of the court's opinion or order, if available): Petition For Writ Of Certiorari was denied. A copy of Court's order is attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

_____

_____

**GROUND THREE (Second Petition)** Due Process Violation of Petitioner's rights to equal protection of the law, by imposing a Illegal Sentence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Court Violated Petitioner's Due process protections under the Fourteenth Amendment, and Article II, Section 18 of the NM Constitution, where the Petitioner was intiest into a Rlo Contest Plea of a 20 year cap, and the Court accepted that agreement, then ignored it at Sentencing, and did not allow Petitioner an opportunity to withdraw his Plea under NM Rule 5-304 (d) NMRA, and violates his right to equal protection under the law.

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Trial Attorney had refused to file a direct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Yes

Type of motion or petition: Petition For Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Twelfth Judicial District Court · County of Lincoln, P.O. Box 725, Carrizozo, NM 88301

Docket or case number (if you know): D-1226-CR-2008-00104

Date of the court's decision: 6-7-2022

Result (attach a copy of the court's opinion or order, if available): Petition For Writ of Habeas Corpus was sumularily dismissed. A copy of the Court's order is attached.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: Yes

Name and location of the court where the appeal was filed: New Mexico Supreme Court. P.O. Box 848, Santa Fe, New Mexico 87504-0848

Docket or case number (if you know): S-1-SC-39464

Date of the court's decision: 9-23-2022

Result (attach a copy of the court's opinion or order, if available): Petition For Writ of Certiorari was denied. A copy of the Court's order is attached.

_____

AO 241
(Rev. 06/13)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

GROUND FOUR: (Second Petition)-Ineffective Assistance of Counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Trial Counsel's assistance was defective when she failed to investigate viable avenues of defense such as mitigating factors, such as Cognitive impairments, Vascular dementia, and organic brain damage. All issues Petitioner suffered from Brain Damage due to a debilitating Stroke. Counsel also failed to object at sentencing when the Court denied Petition an opportunity to withdraw his Plea. Counsel also failed to file a Direct appeal of the Courts Illegal sentence.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Ground was Exhusted in New Mexico Supreme Court.

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Trial Attorney had refused to file a Direct appeal.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Yes

Type of motion or petition: Petition For Writ of Habeas Corpus

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed: Twelfth Judicial District

Court, County of Lincoln. P.O. Box 725, Carrizozo, NM 88301

Docket or case number (if you know): D-1226-CR-2008-00104

Date of the court's decision: 6-7-2022

Result (attach a copy of the court's opinion or order, if available): Petition For Writ Of

Habeas Corpus was summarily dissmissed. A copy of the

Courts order is attached.

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: Yes

Name and location of the court where the appeal was filed: New Mexico Supreme Court

P.O. Box 848, Santa Fe, New Mexico 87504-0848

Docket or case number (if you know): S-1-SC-39464

Date of the court's decision: 9-23-2022

Result (attach a copy of the court's opinion or order, if available): Petition For Writ Of

Certiorari was denied. A copy of the Court's

order is attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☑ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☐ Yes    ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

    _____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

    _____

    _____

    _____

    _____

AO 241
(Rev. 06/13)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: _Gary Mitchell_____

_____

(b) At arraignment and plea: _Mandy Denson_____

_____

(c) At trial: _____

(d) At sentencing: _Mandy Denson_____

(e) On appeal: _Mandy Denson refused to file a

Direct appeal._____

(f) In any post-conviction proceeding: _Sarah G. Gallegos NM·L.O.P.D.

And Amanda Stephenson_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?      ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?      ☐ Yes    ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner was denied a Direct Appeal by his Trial ~~counsel~~ counsel,
After a review of his case a Petition for Writ of Habeas
Corpus was filed on his behalf. The District Court accepted
his Petition as Timely, appointed counsel, and an amended
Petition was filed and reviewed for consideration, after
the courts decision to denie his Habeas a Petition for

certiorari was filed, also accepteped as timely, after his Petition was denied, a second Petition for Habeas corpus was filed on his behalf to exhust all remaining grounds. That Petition was summarily dismissed, and a second Petition for writ of Certiorari was filed, that Petition was also denied and all Grounds were exhusted on September 23, 2022

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    Petitioner Prays this Court will reverse and remand for Sentencing to original Plea Agreement, or allow Petitioner to withdraw his Plea.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    12-1-22    (month, date, year).

Executed (signed) on    12-1-22    (date).

_____
Matthew Dilley
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
9/9/2021 2:35 PM
AUDREY HUKARI
CLERK OF THE COURT
Lisa Willard

TWELFTH JUDICIAL DISTRICT
COUNTY OF LINCOLN
STATE OF NEW MEXICO

CAUSE NO.  D-1226-CR-2008-00104

MATTHEW DILLEY,

                Petitioner,

vs.

STATE OF NEW MEXICO, and
DWAYNE SANTISTEVAN, Warden LCCF

                Respondent.

## FINDINGS AND ORDER DECLINING TO CONDUCT AN EVIDENTIARY HEARING AND DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER, having come before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus, the State's Response to Amended Petition for Writ of Habeas Corpus, and the Court, being fully advised in the premises:

IT IS THE FINDING OF THE COURT:

1.    The Court has jurisdiction over the parties and the subject matter.

PROCEDURAL BACKGROUND OF THIS HABEAS CORPUS PROCEEDING:

1.    Petitioner filed a pro se Petition for Writ of Habeas Corpus on September 12, 2018.

2.    Petitioner, however, did not file a Certificate of Proof of Mailing as required by the rule
*wrong — the included Verification Aug 25, 2018 p 9.*
until December 14, 2018.

3.    On January 11, 2019, a Notice of 5-802 Pre Appointment Review was filed which stated that further investigation was needed, and requested a Provisional Order of aAppointment.

4.    On July 23, 2019, a Procedural Order on the Petition for Writ of Habeas Corpus was filed.

[Type here]



PETITIONER'S
Attachment
# 1

1

5.      On August 6 2019, a Motion for an Amended Order of Appointment was filed and on that same day, an Amended Order of Appointment for Habeas Corpus was filed.

6.      On November 6, 2019, a Stipulated Order for Extension of Time to file an amended petition was entered extending the time for filing the Petition to February 2, 2020.

7.      On February 6, 2020, a Second Motion for Extension was filed by Petitioner noting inadvertence in calculating the due date based on the prior extension.

8.      The Amended Petition for Writ of Habeas Corpus which was filed on February 17, 2020 raises the following issues:

A. The No Contest Plea was not supported by a sufficient factual basis to support more than one charge.

B. The Judgment and Sentence, as imposed, is an illegal sentence.

C. Petitioner was denied his Sixth Amendment right to effective assistance of counsel.

9.      The Petition requests the Court to vacate, set aside and correct an illegal sentence and order of confinement.

10.     An Order Granting the Second Motion for Extension to File was entered on February 26, 2020.

11.     On April 1, 2020, the Court filed a Procedural Order on the Amended Petition affording the State 120 days to file a response to the Amended Petition for Habeas Corpus.

12.     The State of New Mexico filed its response on May 26, 2020.

13.     On September 1, 2020, the Court conducted a preliminary disposition hearing at which, the Court noted on the record that based on the current record, a determination about whether an evidentiary hearing should be held on the various claims, could not be made. The Court phrased the question as, "whether or not a factual basis was established for Judge Parsons at any time

[Type here]

during the course of her conduct of proceedings in this case?" The Court declined to order a

hearing on the issue of ineffective assistance of counsel at that time, and expressed the need to

review the record of the proceedings to determine what kind of a factual basis was available.

Thereafter, the Court requested Petitioner's counsel to provide a transcript of all proceedings

before Judge Parsons.

14.    Subsequently on November 5, 2020, the Court was provided with a transcription of the

December 12, 2008 Plea hearing before Judge Parsons and the April 10, 2009 Sentencing hearing.

15.    The Court takes Judicial Notice of the Court file and all pleadings filed in M-32-FR-2008-

00066 and the Court file and all pleadings filed in the above styled and numbered cause of action.

These documents are contained in a record that consists of the microfiche/microfilm record of this

proceeding maintained by the Court Clerk. (Citations to that record in this order shall be to the

"record")

FACTUAL AND PROCEDURAL BACKGROUND OF THE UNDERLYING CASE:

1.    The Criminal Complaint, as filed on March 24, 2008 in the Magistrate Court (pg. 21 & 22

of the record) contained eleven counts. Each count contained identical language except for the

weekly dates expressed for each of the weeks of 2008 commencing on January 1 and ending on

March 17: "By his own admission, during the week of _____ did unlawfully and

intentionally engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or cause the

penetration to any extent or with any object of the genital or anal openings, with or without any

emission of the person of _____, a child of thirteen years of age and of who the

Defendant was in a position of authority over and by the use of force or coercion which caused

great mental anguish to the victim."

[Type here]

5

2.      The Probable Cause statement attached to the above Criminal Complaint as Exhibit "A"

reveals that, on Easter Sunday, March 23, 2008, Matthew Dilley was arrested by officers of the

Ruidoso Police Department. The charges stemmed from an alleged criminal sexual penetration of

a minor (the Defendant's daughter). At the scene, the Defendant spontaneously admitted to having

inappropriately touched and having sex with her. He was Mirandized, placed under arrest and

transported to the police department. (Christine Dilley's testimony at sentencing Pg. 5 lines 2-5

and the Probable Cause Statement pp. 3; pg. 24 of the record)

3.      Officer's then interviewed Defendant's wife (the complaining party) at the scene, who

advised them that earlier that evening her daughter had told her that Defendant had been having

sex with her for some time. At the time, the daughter was fourteen years of age. (Probable Cause

Statement at pp. 4; pg. 24 of the record)

4.      At the police department, officers conducted a videotaped interview with the Defendant.

During that interview, Defendant made the following specific admissions:

        A.      Defendant had been engaging in full penile vaginal intercourse with his daughter at

least once or twice a week since the 1st of January 2008. (Probable Cause Statement pp. 5; pg. 25

of the record)

        B.      Defendant could not be sure of the exact dates because he suffers from memory

deficit due to a stroke he suffered about 28 years ago.  (Probable Cause Statement pp. 5; pg. 25 of

the record)

        C.      He claimed an inability to remember any of the details about the incidents other

than that his daughter would offer to have sex with him for additional privileges or that he would

offer additional privileges if she would engage in intercourse with him. (Probable Cause Statement

pp. 5; pg. 25 of the record)

[Type here]

D.    He denied ejaculation into her and stated that he would ejaculate into a towel. (Probable Cause Statement pp. 5; pg. 25 of the record)

E.    He also admitted engaging in oral sex with his daughter but denied memory of how often it occurred, how or when it started, and how long it had been going on. (Probable Cause Statement pp. 5; pg. 25 of the record)

F.    When asked, Defendant admitted that he knew it was wrong and volunteered that his daughter had told him it was wrong. (Probable Cause Statement pp. 5; pg. 24 of the record)

5.    During the sentencing hearing, Christine Dilley also testified that when she confronted Defendant on that Easter Sunday, that he turned to his daughter and the last thing he said to her was, "you told her didn't you? You told her. Take a good look at me because this is the last time you're gonna see me. Your mother's gonna make sure of that." She also said that her daughter had an asthma attack and she was in hysterics. (Sentencing hearing transcript pg. 2 lines 17 -- 21)

6.    An Amended Criminal Complaint was filed in Magistrate Court on April 2, 2008 containing 206 Counts that alleged: Counts 1 through 24 Criminal Sexual penetration 2nd degree (child 13 to 16) NMSA 1978 §30-09-11 (E)(1); Counts 25 through 49 Incest, NMSA 1978 §30-10-03 a 3rd degree felony; Counts 50 through 127 Criminal Sexual penetration 2nd degree (child 13 to 16) NMSA 1978 §30-09-11 (E)(1); Counts 128 through 206 Incest, NMSA 1978 §30-10-03 a 3rd degree felony.

7.    In this Amended Criminal Complaint Counts 1 through 24 in groups of two, alleged two separate acts of criminal sexual penetration each week from January 1 of 2008 through March 17 of 2008.

8.    In this Amended Criminal Complaint Counts 25 through 49 in groups of two, alleged two separate acts of incest each week from January 1 of 2008 through March 17 of 2008.

[Type here]

5

9.    In this Amended Criminal Complaint Counts 50 through 127 in groups of two, alleged two separate acts of criminal sexual penetration each week from April 1of 2007 through December 31 of 2007.

10.    In this Amended Criminal Complaint Counts 128 through 206 in groups of two alleged two separate acts of incest each week from January 1 of 2008 through March 17 of 2008. (see pgs. 33 through 97 of the record)

11.    In an undated Order of Appointment, the Magistrate Judge appointed the Law Offices of Gary C. Mitchell to represent the Defendant. (see pg. 20 of the record). Gary C. Mitchell thereafter on April 1, 2008 filed an Entry of Appearance and a Notice of Discovery Demand over the signature of Mr. Mitchell. (see pgs. 17 through 19 of the record)

12.    Thereafter, on April 15, 2008 over the signature of Mandy Denson, Gary C. Mitchell P.C. filed a Waiver of Preliminary Hearing, which was also signed by the Defendant. (see pg. 15 of the record)

13.    On April 22, 2008 a Criminal Complaint was filed in District Court containing twenty-two Counts, Counts one through eleven of Criminal Sexual Penetration in the 2nd degree (child 13 to 16) NMSA §30-9-11(D)(1) each of which was differentiated by weekly time increments. Count 1 alleged one act during the week of February 11 to 18, 2008; Counts 2 and 3 alleged two acts during the week of February 18 to 25, 2008; Counts 4 and 5 alleged two acts during the week of February 25 to March 3, 2008; Counts 6 and 7 alleged two acts during the week of March 3 to 10, 2008; Counts 8  and 9 alleged two acts during the week of march 10 to 17, 2008; and Counts 10 and 11 alleged two acts during the week of March 17 to 23, 2008.  Similarly, Counts twelve through twenty-two alleged eleven acts of incest broken down in weekly time increments in the same manner as counts 1 through 11. (see pgs. 98 through 108 of the record)

[Type here]

14.     A revised Statement of Probable Cause was attached to that Complaint as exhibit "B". This probable cause statement repeats the essentials of the prior probable cause statement but adds additional information including a safe-house interview with the daughter in which she indicated that the abuse had started about April 1 of 2007. She also said it was happening two to three times per week and sometimes more on the weekends. Defendant is described as admitting that the incidents had started prior to January 1 of 2007, but denied any memory of incidents prior to that date. (see pgs. 31 - 32 of the record.)

15.     The State's Witness List filed on April 22nd 2008 contained six witnesses: Bob Layher, Christine Dilley, Doug Babcock, Ray Merrit, Jessica Dilley, and Josie Jaramillo the safehouse interviewer with Kid's Inc. (See pg. 119 of the record)

16.     Gary C. Mitchell P.C. entered its appearance, and filed a Notice of Discovery Demand on May 7, 2008 and filed a Witness List on May 9, 2008 consisting of 9 witnesses including the State's

Witnesses, and Jody Dilley and Roberta Little. (see pgs. 127 through 129 of the record)

17.     At the Defendant's first appearance held on May 16, 2008, the Court discussed the Criminal Complaint which contained the 206 counts with Ms. Denson and the subsequent Complaint containing twenty-two counts. The parties also discussed a possible 3rd party release to a niece from Oklahoma, conducted a three minute bench conference requested by the State because of the "sensitive nature of this", and the Court received and read a document that it characterized as "way too sensitive to say out loud". Counsel has not provided a transcript of this proceeding, rather the Court gathered this information from the Court Monitor's log notes. (see pgs. 135 through 137 of the record)(The Court also listened to the audio recording of the first appearance hearing)

[Type here]

7

18.    The Court's Criminal Scheduling Order filed on May 19, 2008 set various deadlines, a Plea

Meet & Confer for June 20, 2008, a Docket Call on August 15 and Jury Trial on August 26, of

2008. (See pgs. 131 & 132 of the record)

19.    A Stipulated Order for a Competency Evaluation was filed on May 29, 2008. Subsequently

Defendant was transported so that an evaluation could be performed by Dr. Parsons. (See pgs. 138

through 142 of the record.)

20.    Defendant sought conditions of release including third party release to his sister who lived

in Deming, New Mexico.

21.    Thereafter, a Stipulated Order finding the Defendant Competent was filed on October 9,

2008.

22.    A second Criminal Scheduling Order & Notice of Settings was issued on October 9, 2008

setting a Plea Conference for December 12, 2008, a Docket Call for February 13, 2009 and Jury

Trial February 23, 2009.

23.    The Plea proceeding occurred on December 12, 2008 and the signed Plea and Disposition

Agreement was filed on that day. (See pgs. 157 through 161 of the record)

ANALYSIS, OF DEFENDANT'S CLAIMS:

1.    There is no waiver of Petitioner's double jeopardy claim under the facts of this case due to

the applicability of the anti-waiver statute, which can be raised pre and post-conviction or on

collateral attack pursuant to NMSA 1978, § 30-1-10. *See State v. Jackson*, 1993-NMCA-092, 116

N.M. 130; *State v. Handa*, 1995-NMCA-042, 120 N.M. 38; *State v. Nunez*, 2000-NMSC-013, 129

N.M. 63. However, the scope of Petitioner's double jeopardy claim is limited to the facts apparent

from the criminal information and the record. Petitioner waived his right to an evidentiary hearing

[Type here]

8

when he entered his knowing and intelligent "no contest" plea in his Plea and Disposition Agreement. *See Taylor r: Whitney*, 933 F.2d 325, 328-29 (5th Cir. 1991).

2.    The "record" before the Court prior to and at the December 12, 2008 change of plea proceeding demonstrated a factual basis to support each of the twenty-two charges to which Defendant entered his no contest plea. The record establishes that as early as May of 2008 the Judge was aware of the Criminal Complaint charging two hundred and six counts and the fact that those counts had been filed as the twenty-two counts to which Defendant was proposing to plea.

3.    This is a "resident child molester" case. *People v. Jones*, 792 P.2d 643, 645 (Cal. 1990), as modified (Aug. 15, 1990). Such cases generally involve Defendants who have regular access to and control over children whom they sexually abuse in secrecy for long periods of time. *See, e.g., id.* The child victims in these cases are usually the sole witnesses of the crimes perpetrated and, because of their age and the frequency of the sexual abuse to which they are subjected, cannot provide detailed accounts of the abuse but only generalized accounts of frequent sexual contact with the Defendant. *See, e.g., id.* "[T]he prosecution of resident child molesters presents unique challenges rarely present in prosecution for other crimes." *R.L.G., Jr. v. State*, 712 So. 2d 348, 357 (Ala. Crim. App. 1997), *aff'd sub nom. ex parte R.L.G., Jr.*, 712 So. 2d 372 (Ala. 1998). See *State v. Lente*, 2019-NMSC-020, 453 P.3d 416.

4.    This case is substantially similar to *Lente,* **supra.** Here the record discloses the Defendant's confession to multiple acts of criminal sexual penetration over a period of years. His confession is corroborated by the safe-house interview of his daughter. Descriptions of these acts are contained in both the original Statement of Probable Cause and the Second Statement which was attached as Exhibit B to the April 22, 2008 Criminal Complaint charging the twenty-two counts. The Judge's

[Type here]

awareness of these facts is supported by her comments to counsel at the time of arraignment, by Defense counsel's remarks at the plea hearing at pg. 7 lines 6 through 13, of the plea hearing transcript, and by the Judge's comments to Defendant concerning the need that he be honest with Dr. Aubrey at pg. 8 lines 8 through 12 of the plea hearing transcript.

5.    As the Court in Lente recognized, relying on Jones supra, "...charging documents in resident child molester cases have unique significance. Id. They must channel the jury's focus and require it to determine if specific instances of illegal conduct were established. A charging document achieves this end by specifying the exact sex-abuse crimes that allegedly occurred and identifying the dates or date ranges when those crimes purportedly happened. Such charges do indeed ask the jury to decide if specific, illegal sex acts took place. This point is particularly evident where the evidence elicited indicates that repeated molestations exceeding the number of specific acts charged were perpetrated, a likely occurrence in resident child molester cases. People v. Letcher, 899 N.E.2d 315, 323 (Ill. App. Ct. 2008)." The charging documents and Probable Cause Statements in this case fulfill those requirements.

6.    Because there is no facial support for Petitioner's claim of double jeopardy here, there is no need to schedule an evidentiary hearing, and there is also no support for Petitioner's claim of denial of his Sixth Amendment right to effective assistance of counsel as there was no illegal sentence imposed as Petitioner claims.

7.    There is further no support for the claim that Petitioner's trial counsel failed to investigate and pursue potentially meritorious pre-trial motions such as a Motion for a Bill of Particulars. In a habeas petition claiming ineffective assistance of counsel ("IAC"), a habeas petitioner normally has a right to an evidentiary hearing to develop the facts of his IAC claim. *State v. Moser*, 1967-

[Type here]

26

NMSC-163, ¶ 6, 78 N.M. 212. "Defendant's claims concern matters outside the record and are such that Defendant is entitled to a hearing where he has the burden of proving them. *Morris v. Peyton, supra;* compare *State v. Moser,* 78 N.M. 212, 430 P.2d 106 (1967).

8.    Here though, the IAC claim is based on and intimately related to his double jeopardy claim based on what is in the record. Defense Counsel reiterated at the change of plea hearing that both she and Mr. Mitchell had had multiple detailed conversations with Defendant concerning the plea. She also verified that she had access to the interviews that were conducted and to Defendant's confession. (See the sentencing transcript at pg. 5 lines 9 through 18.) Based on the content of the record as discussed above, Counsel had no need of a bill of particulars or to challenge the charging documents on the basis of double jeopardy. Therefore, no evidentiary hearing under his IAC claim is called for.

9.    From the face of the record, it is clear that Petitioner made a knowing and intelligent entry of a "no contest", received, reviewed, accepted and signed the Plea and Disposition Agreement and that Defense Counsel discussed the Agreement and facts of the case and strategies with Petitioner before his pleas were accepted by the Court and that there was a factual basis for his doing so. Normally, counsel's recommendation to plead guilty may be recognized as a tactical decision because of the potential benefits to a plea bargain. *State v. Rickard,* 118 N.M. 312, 317, 881 P.2d 57, 62 (Ct. App. 1994). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington,* 466 U.S. 668, 689 (1984).

10.    Contrary to Petitioner's argument, he received a benefit by entering into the Plea and Disposition Agreement. As the State argued, "[t]he Petitioner received the benefit of the State not being able to argue to the Court that because of the egregious acts the Defendant committed as a

[Type here]

resident child molester, he needed to serve the full sentence with no time suspended," *State's Response*, Pg.4. In the Agreement, the State agreed to a twenty-year cap on actual imprisonment with a suspended sentence and probation. However, that Agreement was non-binding on the Court, as is common in most Plea and Disposition Agreements in the Twelfth Judicial District Court. In her colloquy with the Defendant concerning the plea the Judge made this potential abundantly clear. (See Plea Transcript at pg.1 Line 5 to Pg. 3 line 22)

IT IS THEREFORE ORDERED ADJUDGED AND DECREED:

1.    The Court has jurisdiction over the parties and the subject matter.

2.    The Defendant's double jeopardy rights were not violated herein and the record demonstrates that the twenty-two counts to which he plead are sufficiently distinct.

3.    Accordingly the sentence imposed is not illegal.

4.    Defendant waived his right to an evidentiary hearing on this double jeopardy claim.

5.    The Amended Petition for Habeas Corpus relief is not well taken and is hereby denied.


THE HONORABLE DANIEL A. BRYANT
District Judge Div. III.


CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Lincoln County, New Mexico, do hereby certify that I served a copy of this document to all parties on the date of filing.


/s/ Vicki L. Moran
Vicki Moran
Trial Court Administrative Assistant


[Type here]

12

Filed
Supreme Court of New Mexico
10/27/2021 8:32 AM
Office of the Clerk

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

October 27, 2021

NO. S-1-SC-39054

MATTHEW DILLEY,

    Petitioner,

v.

DWAYNE SANTISTEVAN, Warden,
and STATE OF NEW MEXICO,

    Respondents.

> PETITIONER'S
> Attachment
> #2

## ORDER

WHEREAS, this matter came on for consideration by the Court upon motion of petitioner to extend the time to file petition for writ of certiorari under Rule 12-501 NMRA, and the Court having considered the motion and being sufficiently advised, Chief Justice Michael E. Vigil, Justice C. Shannon Bacon, Justice David K. Thomson, Justice Julie J. Vargas, and Justice Briana H. Zamora concurring;

NOW, THEREFORE, IT IS ORDERED that the motion is GRANTED and the petition for writ of certiorari shall be timely if filed **on or before November 30, 2021**.

IT IS SO ORDERED.



WITNESS, the Honorable Michael E. Vigil, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 27th day of October, 2021.

Jennifer L. Scott, Clerk of Court
Supreme Court of New Mexico

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.
By _____

Zelda Abita
Clerk of the Supreme Court
of the State of New Mexico

Deputy Clerk

- 1 -

Filed
Supreme Court of New Mexico
1/11/2022 9:54 AM
Office of the Clerk

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

January 11, 2022

NO. S-1-SC-39054

MATTHEW DILLEY,

    Petitioner,

v.

DWAYNE SANTISTEVAN, Warden,
and STATE OF NEW MEXICO,

    Respondents.

## ORDER

WHEREAS, this matter came on for consideration by the Court upon petition for writ of certiorari filed under Rule 12-501 NMRA, and the Court having considered the petition and being sufficiently advised, Justice C. Shannon Bacon, Justice David K. Thomson, and Justice Julie J. Vargas, concurring;

NOW, THEREFORE, IT IS ORDERED that the petition for writ of certiorari is DENIED.

IT IS SO ORDERED.

PETITIONER'S
Attachment
#3



WITNESS, the Honorable Michael E. Vigil, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 11th day of January, 2022.

Jennifer L. Scott, Clerk of Court
Supreme Court of New Mexico

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.
Mycaele Vigil
Clerk of the Supreme Court
of the State of New Mexico

By _Mycaele Vigil_
    Deputy Clerk

-2-

Filed
Supreme Court of New Mexico
2/22/2022 12:59 PM
Office of the Clerk

IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

February 22, 2022

NO. S-1-SC-39054

MATTHEW DILLEY,

    Petitioner,

v.

DWAYNE SANTISTEVAN, Warden,
and STATE OF NEW MEXICO,

    Respondents.

> PETITIONER'S
> Attachment
> #4

## ORDER

WHEREAS, this matter came on for consideration by the Court upon petitioner's request for findings of fact and conclusion of law, motion for reconsideration under Rule 12-501 NMRA, and the Court having considered the petition and being sufficiently advised, Justice C. Shannon Bacon, Justice David K. Thomson, and Justice Julie J. Vargas concurring;

NOW, THEREFORE, IT IS ORDERED that the motion for reconsideration is DENIED.

IT IS SO ORDERED.



WITNESS, the Honorable Michael E. Vigil, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 22nd day of February, 2022.

Jennifer L. Scott, Clerk of Court
Supreme Court of New Mexico

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.

Deputy Clerk

Zella Abeita
Clerk of the Supreme Court
of the State of New Mexico

FILED
12th JUDICIAL DISTRICT COURT
Lincoln County
6/7/2022 1:25 PM
AUDREY HUKARI
CLERK OF THE COURT
Dakota D Crane

TWELFTH JUDICIAL DISTRICT COURT
COUNTY OF LINCOLN
STATE OF NEW MEXICO

      No. D-1226-CR-2008-00104
      THE HONORABLE Daniel A. Bryant

MATTHEW DILLEY,

      Petitioner,

v.

STATE OF NEW MEXICO and
GEORGE STEPHENSON, Warden,

      Respondents.



## PROCEDURAL ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

    This matter having come before the court on petitioner's petition for a writ of habeas corpus or other pleading pursuant to Rule 5-802 NMRA of the Rules of Criminal Procedure for the District Courts, the court having reviewed the record and being otherwise fully advised in the premises, FINDS AND ORDERS THAT:

### 1.    SUMMARY DISMISSAL/TRANSFER OF VENUE[1]

    This matter is summarily dismissed because as a matter of law petitioner is not entitled to relief based on a review of the files, pleadings, and records which show that:

    A.    Petitioner asserts that the trial court failed to abide by a sentencing agreement reached between the parties, as well as a claim of ineffective assistance of counsel for his counsel's failure to object to the imposed sentence.

    B.    On December 12, 2008, Petitioner entered into a Pleas and Disposisition Agreement by which he pled no contest to eleven counts of Criminal Sexual Penetration (Position of Authority) (Child 13-16 Years Old), a second degree felony, and eleven counts of Incest, a third degree felony.

    C.    Petitioner was subsequently sentenced to serve ninety years of incarceration at the New Mexico Corrections Department followed by an indeterminate period of parole of not less than five years up to his natural life.

    D.    The record does not support Petitioner's contention that the trial court was bound in any way under the terms of the plea agreement between the parties.

    E.    As part of the plea agreement, the prosecution agreed to a cap on incarceration at initial sentencing of twenty years.

F.    The parties acknowledged that sentencing was at the discretion of the Court.

G.    The District Court Plea Approval Documentation noted that "defendant understands the range of possible sentences for the offenses charged, 3 years to 198 years."

H.    A review of the plea hearing transcript included with the Petittion shows the following discussions took place prior to the acceptance of Petitioner's change of plea:

     a) Judge: Now pursuant to this Plea and Disposition Agreement the uh state does not oppose a cap of 20 years followed by a suspended sentence and probation.

     b) Judge: And you understanding that this court is in no way uh confined to limiting it's uh sentence to that 20 year cap that the state's agreed to?

     Petitioner: Yes

     (Pleas Hearing Transcript, pg. 3, lines 9-10; and pg.4 lines 21-23)

I.    Petitioner also asserts his counsel was ineffective for failure to investigate an "organic brain injury" based on a debilitating stroke suffered by Petitioner and that the plea agreement was not knowingly and intelligently made as a result.

J.    The Sixth Amendment to the United States Constitution, as well as the New Mexico Constitution, require that the right to counsel guarantee includes effective assistance of counsel at all stages of the proceedings. (U.S. Const. amends. VI and XIV; N.M. Const. art. II § 14) Defense counsel's performance is measured against "an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction…has two components. First, the defendant must show that counsel's performance was deficient…. Second, the defendant must show that the deficient performance prejudiced the defense." (*Id.* At 687)

K.    "[I]n the plea bargain context a defendant must establish that but for his counsel's errors, he would not have pleaded guilty and instead gone to trial. A defendant w ho was convicted on a plea is not required to prove that a trial would have resulted in an acquittal. The question is whether there is a reasonable probability that the defendant would have gone to trial instead of pleading guilty or no contest had counsel not acted unreasonably. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Patterson v. LeMaster*, 2001-NMSC-013, ¶¶ 17-18 (internal citations and quotation marks omitted).

L.    A review of the record indicates that the parties were aware of Petitioner's medical concerns regarding his history of having suffered a stroke throughout the proceedings. In addition to Petitioner's own statements to police during the initial investigation, Petitioner was evaluated for competency to stand trial by Dr. Parsons and evaluated by Dr. Moss Aubrey for sentencing purposes. Further the following discussion regarding Petitioner's medical concerns took place during the plea hearing itself:

     a) Judge: Ms. Denson, are you aware of anything that would make this anything other than a voluntary act?

     Trial counsel: No your honor. Mr. Dilley was evaluated for competency by Dr. Parsons and the report came back and based on that we entered into a stipulated order of competency. I feel that he is competent, understands what he is doing um in addition to speaking with Mr. Dilley on a few other occasions um today Mr. Mitchell and I did both go in the back room and speak about this type of plea with

un Mr. Dilley at some length so I feel that he understands uh it's nature and um like I said both Gary Mitchell and I explained it to him so I, I have no reason to believe that it's anything other than a knowing and voluntary act.
(Plea hearing transcript pg. 7, lines 4-13)

2. **RETURN OF PETITION FOR FURTHER INFORMATION**:
[ ]    The petition is returned to petitioner for additional information on the following issues/claims: _____
_____
_____

Pursuant to Rule 5-802(G) NMRA, a revised petition shall be filed within forty-five (45) days after service of this order.

3. **FREE PROCESS AND APPOINTMENT OF COUNSEL:**
[ ]    Petitioner is granted permission to proceed *in forma pauperis* based on Form 9-403 NMRA or because petitioner is an inmate of a correctional facility.
[ ]    Petitioner is not granted permission to proceed *in forma pauperis*.
[ ]    The Public Defender Department is appointed to represent petitioner based on the court's finding that this is a proceeding which a reasonable person would bring at that person's own expense.  Upon being properly appointed, the Public Defender Department shall either file an amended petition or a notice of non-intent to file an amended petition within ninety (90) days of this appointment.[2]

4. **RESPONSE**[3]:
[ ]    The respondent is directed to file a response within one-hundred and twenty (120) days after the service of an amended petition or a notice that no amended petition will be filed.
[ ]    The court, having received an amended petition or a notice that no amended petition will be filed, and based upon a review of the files, pleadings, and records, including the amended petition, hereby summarily dismisses the petition.
(*statement of reasons required*)
_____
_____
_____

[ ]    The court, having received an amended petition or a notice that no amended petitioner will be filed, and based upon a review of the files, pleadings, and records, including the amended petition, hereby dismisses the following claims:
(*statement of reasons required*)
_____
_____
_____
_____

5. **HEARING SCHEDULE:**
[ ]    A status conference will be held on _____ (*date*), at _____ (*time*).

[ ]    A preliminary disposition hearing will be held on _____ (*date*), at
_____ (*time*).

[ ]    An evidentiary hearing will be held on _____ (*date*), at
_____ (*time*).

[ ]    An evidentiary hearing is not required, but legal argument will be heard on this
matter on _____ (*date*), at _____ (*time*).


THE HONORABLE DANIEL A. BRYANT
DISTRICT JUDGE DIV. III

Filed
Supreme Court of New Mexico
9/23/2022 1:15 PM
Office of the Clerk

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

## September 23, 2022

NO. S-1-SC-39464

MATTHEW DILLEY,

      Petitioner,

v.

GEORGE STEPHENSON, Warden,
Lea County Correctional Facility,

      Respondent.

> PETITIONER'S
> Attachment
> #6

## ORDER

WHEREAS, this matter came on for consideration by the Court upon petition for writ of certiorari filed under Rule 12-501 NMRA, and the Court having considered the petition and being sufficiently advised, Justice Michael E. Vigil, Justice David K. Thomson, and Justice Briana H. Zamora concurring;

NOW, THEREFORE, IT IS ORDERED that the petition for writ of certiorari is DENIED.

IT IS SO ORDERED.

WITNESS, the Honorable C. Shannon Bacon, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 23rd day of September, 2022.

Elizabeth A. Garcia, Clerk of Court
Supreme Court of New Mexico

By _____Zelda Abeita_____
          Deputy Clerk

I CERTIFY AND ATTEST:
A true copy was served on all parties
or their counsel of record on date filed.
    Zelda Abeita
Clerk of the Supreme Court
of the State of New Mexico

UNITED STATES POSTAL SERVICE ® | PRIORITY MAIL ®

Matthew Dilley
H Billa
6900 W. Millen Dr
Hobbs, N.M 88244

UNITED STATES POSTAL SERVICE®

P   P

US POSTAGE PAID
Origin: 88030
12/06/22
3422880730-5

PRIORITY MAIL®

$11.70

Retail

3 Lb 10.40 Oz
RDC 04

EXPECTED DELIVERY DAY: 12/08/22

C023

SHIP
TO:
333 LOMAS BLVD NW
STE 270
ALBUQUERQUE NM 87102-2274

USPS TRACKING® #



US Dist. Court
Office of Clerk of Co
333 Lomas Blvd
Albuquerque
s

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 08 2022