IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW DILLEY,

    Petitioner,

v.                                                                                  No. 22-cv-935-DHU-JHR

GEORGE STEVENSON, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Petitioner Matthew Dilley's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. 1) (the "Petition"). Petitioner challenges a state court judgment entered in 2009 after Petitioner pled no contest to charges of criminal sexual penetration and incest. (Doc. 1 at 2). Having reviewed the matter under Habeas Corpus Rule 4, it appears that the one-year statute of limitations expired in May 2010. The Court will therefore require Petitioner to show to show cause why his Petition should not be dismissed for failure to file within the one-year limitation period.

**I. Procedural Background**[1]

In 2009, Dilley pled no contest to 11 counts of criminal sexual penetration of a child and 11 counts of incest. (Doc. 1 at 2); *see* Case no. D-1226-CR-2008-104, Guilty Plea/Judgment (4/24/2009). The state court sentenced him to 90 years imprisonment. (Doc. 1 at 2). The state court entered its judgment on April 24, 2009. *See* Case No. D-1226-CR-2008-104, Guilty Plea/Judgment

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Anaya's state court criminal proceedings, Case No. D-1226-CR-2008-104, S-1-SC-39054, and S-1-SC-39464. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

(4/24/2009). Dilley did not file an appeal, and the judgment therefore became final on May 25, 2009 (the first business day after the expiration of the thirty-day appeal period). *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order).

More than nine years passed before Dilley filed his first state habeas petition on September 12, 2018. *See* Case No. D-1226-CR-2008-104, Habeas Corpus Petition (9/12/2018). He filed an amended petition on February 17, 2020. *See id.*, Amended Petition (2/17/2020). The state court denied the amended petition on September 9, 2021. *See id.*, Order Denying Amended Petition for Habeas Corpus (9/9/2021). Dilley filed a petition for a writ of certiorari in the New Mexico Supreme Court, seeking to overturn the state court's habeas ruling. *See* Case No. S-1-SC-39054, Non-Opening Pleading (11/1/2021). The Supreme Court denied the cert. petition on February 22, 2022. *See id.*, Order Denying Petition (2/22/2022).

Dilley filed his second state habeas petition on April 29, 2022. *See* Case No. D-1226-CR-2008-104, Habeas Corpus Petition (4/29/2022). On June 7, 2022, the state court entered a summary dismissal denying the second habeas petition. *See id.*, Order Writ of Habeas Corpus (6/7/2022). Dilley filed a petition for a writ of certiorari in the New Mexico Supreme Court on June 30, 2022, seeking to overturn the denial of the second habeas petition. See Case No. S-1-SC-39464, Petition (6/30/2022). The Supreme Court denied the cert. petition on September 23, 2022. *See id.*, Order Denying Petition (9/23/2022).

Dilley filed his present § 2254 Petition in this Court on December 8, 2022. (Doc. 1). He challenges the legality of his sentence on double jeopardy grounds, argues ineffective assistance of

2

counsel, argues that his plea was not knowing and voluntary, and that his due process rights were violated at sentencing. (Doc. 1 at 6-12). Dilley paid the $5 habeas filing fee, and the matter is ready for initial review.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run no later than May 25, 2009, when the conviction became final. *See Locke*, 237 F.3d at 1271-1273. There was no discernable tolling activity during the next year, and the one-year period expired on May 25, 2010. Any state habeas petitions filed after that date did not - as Dilley may believe - restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

Accordingly, Dilley must show cause why the Petition filed December 8, 2022, is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Dilley must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE