IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW DILLEY,

    Petitioner,

v.                                                                                          No. 22-cv-935-DHU-JHR

GEORGE STEVENSON, and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Matthew Dilley's Response to the Court's Memorandum Opinion and Order to Show Cause, which required Petitioner to show why this case should not be dismissed for failure to file his 28 U.S.C. § 2254 habeas petition within the one-year limitation period. (Doc. 4 the "Response"); (Doc. 3 the "Screening MOO"). In the Response, Dilley claims that the Petition is timely because he was unfamiliar with his legal rights, lacks competency to represent himself, and did not have assistance of counsel. Having reviewed the Response, the Court concludes that Petitioner has failed to demonstrate grounds for statutory or equitable tolling. This case will therefore be dismissed with prejudice.

### I. Procedural Background[1]

In 2009, Dilley pled no contest to 11 counts of criminal sexual penetration of a child and 11 counts of incest. (Doc. 1 at 2); *see* Case no. D-1226-CR-2008-104, Guilty Plea/Judgment

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Dilley's state court criminal, Case No. D-1226-CR-2008-104, S-1-SC-39054, and S-1-SC-39464. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

(4/24/2009). The state court sentenced him to 90 years imprisonment. (Doc. 1 at 2). The judgment was entered on April 24, 2009. *See* Case No. D-1226-CR-2008-104, Guilty Plea/Judgment (4/24/2009). Dilley did not file an appeal, and the judgment therefore became final on May 25, 2009 (the first business day after the expiration of the thirty-day appeal period). *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order).

More than nine years passed before Dilley filed his first state habeas petition on September 12, 2018. *See* Case No. D-1226-CR-2008-104, Habeas Corpus Petition (9/12/2018). He filed an amended petition on February 17, 2020. *See id.*, Amended Petition (2/17/2020). The state court denied the amended petition on September 9, 2021. *See id.*, Order Denying Amended Petition for Habeas Corpus (9/9/2021). Dilley sought a petition for a writ of certiorari in the New Mexico Supreme Court related to the state court's habeas ruling. *See* Case No. S-1-SC-39054, Non-Opening Pleading (11/1/2021). The Supreme Court denied the petition on February 22, 2022. *See id.*, Order Denying Petition (2/22/2022).

Dilley filed his second state habeas petition on April 29, 2022. *See* Case No. D-1226-CR-2008-104, Habeas Corpus Petition (4/29/2022). On June 7, 2022, the state court entered a summary dismissal denying the second habeas petition. *See id.*, Order Writ of Habeas Corpus (6/7/2022). Dilley filed a petition for a writ of certiorari in the New Mexico Supreme Court on June 30, 2022, seeking to overturn the denial of the second habeas petition. See Case No. S-1-SC-39464, Petition (6/30/2022). The Supreme Court denied the petition on September 23, 2022. *See id.*, Order Denying Petition (9/23/2022).

Dilley filed present § 2254 Petition in this Court on December 8, 2022. (Doc. 1) (the "Petition"). He challenges the legality of his sentence on double jeopardy grounds, argues ineffective assistance of counsel, argues that his plea was not knowing and voluntary, and that his due process rights were violated at sentencing. (Doc. 1 at 6-12). The Court reviewed the Petition pursuant to Habeas Corpus Rule 4 and entered the Screening MOO on November 6, 2023. The reasoning and analysis in the Court's Screening MOO is incorporated herein by reference. The Court allowed Dilley to file a response addressing the time bar and he timely filed the Response.

## II.   Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)   While a state habeas petition is pending, § 2244(d)(2);

(2)   Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)   Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)   Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run no later than May 25, 2009, when the

conviction became final.  *See Locke*, 237 F.3d at 1271-1273.   There was no discernable tolling activity during the next year, and the one-year period expired on May 25, 2010.

    1.   <u>Dilley's State Habeas Petitions Filed After May 25, 2010 Did Not Restart the Clock</u>.

Dilley argues that his Petition is timely because it was filed within a year of the state supreme court's denial of his petition for a writ of certiorari following the state district court's denial of his second state habeas petition. (Doc. 4 at 2). Dilley's conviction became final on May 25, 2009, and the one-year limitation period within which he was permitted to seek habeas relief expired on May 25, 2010. Neither Dilley's first state habeas petition, filed more than eight years after the limitation period expired, nor his second state habeas petition, filed almost twelve years after it expired, restarted the clock or otherwise impacted the expired limitations period.  *Fisher v. Gibson,* 262 F.3d 1135, 1142-1143 (10th Cir. 2001) (state post-conviction proceedings commenced after the end of the § 2244(d)(1)(A) limitations period do not affect the timeliness of a federal habeas petition).

    2.   <u>Dilley Has Not Shown Grounds for Equitable Tolling</u>.

Dilley argues that the untimeliness of the Petition should be excused based on the ineffectiveness of his counsel, whom, he argues, failed to file a direct appeal, failed to advise him of his right to appellate counsel, and failed apprise him of his right to appeal or advise him on how to pursue an appeal on his own. (Doc. 4 at 1-5).  Dilley frames this as a basis for tolling under § 2244(d)(1)(B), "ineffective assistance of counsel is 'not the type of State impediment envisioned in § 2244(d)(1)(B).'" *Daniel v. Trani*, No. 11-CV-03093-BNB, 2012 WL 1857593, at *5 (D. Colo. May 22, 2012), citing *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir.2005). Rather, the argument is one for equitable tolling. Equitable tolling requires (1) the petitioner's diligent pursuit

of his claims, and (2) extraordinary circumstances beyond his control as the base cause of the untimeliness. *Marsh*, 223 F.3d at 1220.

As an initial matter, Dilley's failure to file a direct appeal (or for his counsel to file one for him) is not relevant to the timeliness of the Petition. When Dilley did not file a direct appeal, his conviction became final on May 25, 2009 (the first business day after the expiration of the thirty-day appeal period). Dilley had one year from *that* date to seek habeas relief, and there is not a constitutionally guaranteed right to counsel in habeas proceedings. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Dilley does not show that he diligently pursued his claims within that one-year period. Further, to justify equitable tolling based on an attorney's conduct, a petitioner must show "egregious misconduct" by his counsel—*i.e.*, that his counsel misled or falsely assured the petitioner that actions were being taken on the petitioner's behalf, when in fact nothing was being done. *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007). But an attorney's mere negligence is not an "extraordinary circumstance" that will justify equitable tolling in the habeas context. *Fleming*, 1255-56 (reasoning that "there is no constitutional right to an attorney in state post-conviction proceedings" and "clients, even if incarcerated, must vigilantly oversee and ultimately bear responsibility for their attorneys'' actions or failures.").

Dilley's additional arguments for equitable tolling also fail. To the extent Dilley argues that he did not timely seek habeas relief because he is mentally incompetent, the argument is unavailing because not sufficiently specific or supported by evidence. To overcome the untimeliness of his Petition based on alleged mental incapacity, Dilley would have to show that he was "institutionalized for mental incapacity, judged incompetent, or not capable of pursing his own claim during the period in which he needed to file" his petition—*i.e.*, May 25, 2009 to May 25,

2010. *Alvarado v. Smith*, 713 F. App'x 739, 743 (10th Cir. 2017), *Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009). "Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling. *See Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir.2002); *Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009). Dilley's Response does not satisfy these standards—it is comprised only of allegations of mental incompetence with no specificity or evidence indicating when it arose, whether he was institutionalized for mental incapacity, or whether he was judged incompetent.[2]

Finally, to the extent Dilley argues that his ignorance of the law is an extraordinary circumstance justifying equitable tolling, it is established that "ignorance of the law does not excuse untimely filing." *Jackson v. Saffle*, 37 F. App'x 420, 421 (10th Cir. 2002); *Marsh*, 223 F.3d at 1220 (10th Cir. 2000).

### 3. Dilley Has Not Shown the Factual Basis of His Claims Could Not be Discovered Sooner.

Dilley asserts that the factual basis for this claim could not have been discovered until later, thereby invoking § 2244(d)(1)(D) as grounds for the timeliness of his Petition. (Doc. 4 at 5). § 2244(d)(1)(D) delays the start of the limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Gaines v. Dowling*, 758 F. App'x 650, 653 (10th Cir. 2018). Dilley does not explain in his Response or in the Petition what previously undiscovered factual predicate underlays his claims or why they could not have been discovered through the exercise of due diligence. His conclusory recitation of the language of § 2244(d)(1)(D) is ineffective to overcome the untimeliness of the Petition.

---

[2] It appears that Dilley stipulated to his competency to proceed in the criminal case underlying this habeas Petition in October 2008. *See* Case No. D-1226-CR-2008-104; *see also* (Doc. 1-1 at 42).

For the foregoing reasons, and for the reasons set forth in the Court's screening MOO (Doc. 3), the Petition (Doc. 1) is untimely, and the Response (Doc. 4) has not overcome the time bar. As this conclusion is not reasonably debatable, the Court will deny a certificate of appealability under Habeas Corpus Rule 11. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Matthew Dilley's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**) is **DISMISSED** with prejudice; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing this case.

_____
UNITED STATES DISTRICT JUDGE